UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **DEAN A. DAIGLE** | * | **CIVIL ACTION NO. 06-2393** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## RULING

Pending before the Court is Plaintiff's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) filed by social security claimant, Dean Daigle ("Daigle"), on May 26, 2010. [rec. doc. 10]. The Commissioner opposes this motion on the grounds of untimeliness.

Daigle filed a complaint with this Court on December 27, 2006, seeking review of the denial of his application for social security benefits. By Judgment entered on January 28, 2008, Judge Tucker L. Melançon reversed and remanded this case for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g). [rec. doc. 9].

On remand, Chief Administrative Law Judge Glenn F. Voisin issued a Fully Favorable decision on September 25, 2009. Claimant's past due benefits were

$87,059.00, of which 25%, $21,764.75, was withheld to pay his attorney's fees in accordance with his approved retainer contract.

On May 26, 2010, claimant's attorney, R. Scott Ramsey, Jr. ("Ramsey"), filed the instant motion for attorney's fees. [rec. doc. 10]. In the motion, he seeks $15,764.75, representing 25% of the fees awarded less $6,000.00 already paid by claimant, as a reasonable fee pursuant to 42 U.S.C. § 406(b). The Commissioner does not oppose the fee petition or the reasonableness of the fee. Rather, the government argues that the motion was untimely filed.

An attorney seeking an award of fees for representation in court in a Social Security case may recover in two ways: (1) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, or (2) under 42 U.S.C. § 406(b). *See Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991); *Brannen v. Barnhart*, 2004 WL 1737443, *14 (E.D. Tex. July 22, 2004); *Hayes v. Callahan*, 973 F.Supp. 1290, 1292 (D. Kan. 1997).

The award under § 406(b) of the Social Security Act allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits, while the EAJA award is paid by the government to the claimant to defray the cost of legal services. *Russell*, 930 F.2d at 1446. Fee awards may be made under both statutes, but the claimant's attorney must refund to the claimant the amount of the

2

smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. at 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002).

Under 42 U.S.C. § 406(b), a prevailing claimant's fees are payable only out of the benefits recovered; such fees may not exceed 25% of past-due benefits. *Gisbrecht*, 535 U.S. at 790, 122 S.Ct. at 1820. Here, claimant's past due benefits were $87,059.00, of which 25%, $21,764.75, was withheld to pay his attorney's fees in accordance with his approved retainer contract. Ramsey states that he has been paid $6,000.00 in fees, and seeks the balance being withheld of $15,764.75. With the motion, he submitted a application detailing the amount of time spent at the judicial level, totaling 41.0 hours.

The Commissioner does not object to a reasonable fee, but asserts that the application for § 406(b) fees appears to be untimely.

Unlike the EAJA thirty-day filing period, § 406(b) does not contain a specific time period for the filing of attorney's fees. *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). Several courts have held that Fed.R.Civ.P. 54(d)(2), which provides that the motion for fees must be filed no later than 14 days after entry of judgment, "[u]nless otherwise provided by statute or order of the court." *See Shepherd v. Apfel*, 981 F.Supp. 1188, 1190 (S.D. Iowa 1997) (stating that because there is no time limit found in § 406(b) regarding the timing of applications for attorney's fees, the time

3

limit for such applications is governed by Rule 54(d) and local rules); *see also Jones v. Cent. Bank*, 161 F.3d 311, 313 (5th Cir.1998) (noting that local district court rules may provide for a different filing period for attorney's fees); *Kolesar v. Shalala*, 1994 WL 142974 (N.D. Ill. 1994) ([*dicta*] motion under § 406(b) was untimely where it was outside of the 14-day limit specified under Fed.R.Civ.P. 54(d)(2)(B)). In *Pierce,* the court applied the local rules for the Western District of Texas, W.D. Tex. Civ. R. 7(i)(1), which have the same fourteen-day filing period as does Rule 54(d). The Western District of Louisiana does not have such local rule.

In *Jeter v. Commissioner of Social Security*, 2009 WL 909257 (W.D. La. April 3, 2009), counsel argued that he did not file his motion for § 406(b) fees within 14 days because: 1) it was not then known whether benefits would be granted on remand; 2) the Commissioner's appeal delays had not run; and 3) the court had not yet been presented with a petition for EAJA fees. Judge Patricia Minaldi, citing the "excusable neglect" exception contained in Fed.R.Civ.P. 6(b)(2), found that the delay in filing the motion for attorney's fees in was unavoidable in light of the uncertainty remaining with regard to whether any fee could be collected until the Administration made its determination of disability on remand. Thus, she held that the tardiness of counsel's § 406(b) motion was excused.

Here, the Favorable Decision was rendered by the ALJ on September 25, 2009. Ramsey argues, however, that he had no way of knowing how much to charge until the "Notice of Award" was issued informing the parties of the amount of the past-due benefits in this case and thus the amount of the 25% fee which could be charged by counsel.  Prior to issuing a ruling on a motion for 406(b) fees, the court is required to review the Notice of Award issued by the Commissioner, wherein the past-due benefits are calculated as well as the 25% of past-due benefits to be withheld for any attorney's fees sought. *Brown v. Commissioner of Social Sec. Admin.*, 2008 WL 2705457 (W. D. La. July 10, 2008) (*citing Garland v. Astrue*, 492 F.Supp.2d 216, 220 (E.D.N.Y.2007)).  Courts have held, therefore, that "[u]nder the Rule 54(d) approach, the 14-day clock would be tolled until the Commissioner issues the NOA. *Id*.

The Court finds that counsel was unable to determine the amount of fees to request until he had notice of the amount of past-due benefits owed, which occurred when the Award Letter was issued on January 16, 2010.  [rec. doc. 10, Exhibit B]. Despite the fact that this letter was issued on January 16, 2010, counsel did not file the motion for fees until more than four months later on May 26, 2010.  Counsel cites no reason why he could not have filed the motion within 14 days after he received the Award Letter.  In the absence of any such reason, the court is left with no alternative but to find that the motion is untimely.

5

Accordingly, **IT IS THEREFORE ORDERED** that the Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) [rec. doc. 10] is **DENIED** as untimely.

Signed this 15th day of July, 2010, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE