UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Dean A. Daigle                                                                        Civil Action 06-2393

versus                                                                              Judge Tucker L. Melançon

Social Security Administration                                     Magistrate Judge C. Michael Hill

**ORDER**

Before the Court are Objections To Magistrate Judges's Proposed Findings And Recommendation And Report By The Plaintiff [Rec. Doc. 15] and the Social Security Administration's Response [Rec. Doc 17].

Claimant, Dean A. Daigle, filed an application for disability insurance benefits and supplemental security income on May 28, 2004, alleging disability as of January 7, 2002, due to a low back injury. Claimant's initial application was denied by the Commissioner and claimant filed an appeal with the Court on December 27, 2006. *R. 1.* On January 1, 2008, the Court entered an Order remanding claimant's case for further administrative action. *R. 8;9.* After remand, the Appeals Council vacated the final decision of the Commissioner and remanded this case to an Administrative Law Judge. On September 25, 2009, the Chief Administrative Law Judge granted a fully favorable Decision for payment of $87,059.00 in past due benefits. The Chief Administrative Law Judge also approved the 25% contingency fee contract between the claimant and his attorney which totaled $21,764.25 in attorney fees. On January 16, 2010, the Social Security Administration issued a Notice of Award ("NOA") letter and, pursuant to the approved fee contract, withheld $21,764.25 in attorney's fees, paid

claimant's attorney $6,000.00 in fees, and left the approved balance of $15,764.75 to be paid for reasonable attorney's fees.[1]

On May 26, 2010, claimant's attorney, R. Scott Ramsey, Jr., filed a Motion For An Award of Attorney Fees Under 42 U.S.C. § 406(b) and submitted an application detailing the amount of time spent at the judicial level, totaling 41.0 hours. *R. 10.* The Commissioner did not object to the reasonableness of the fee, but asserted that the application for § 406(b) fees "appeared to be untimely." *R. 12.* In his July 15, 2010 Ruling, the Magistrate Judge, citing *Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir.2006), held that even though § 406(b) does not contain a specific time period for the filing of a motion for attorney's fees, the application for § 406(b) attorney's fees is governed by Rule 54(d) of the Federal Rules of Civil Procedure which states in pertinent part that motions for attorney's fees shall be filed no later than 14 days after entry of judgment. *Id., see* Fed.R.Civ.P. 54(d)(2)(A-B). Because the motion for attorney's fees was filed more than 14 days after issuance of the Notice of Award, the motion was denied as untimely. *Id.* On May 26, 2010, Ramsey ("counsel") filed an objection to the magistrate judge's order denying his motion for attorney's fees under § 406(b) of the Social Security Act. *R. 10.*

While the Fifth Circuit has characterized an award of discovery expenses and attorney fees under Rule 37 as non-dispositive and subject to review under the 'manifest error' standard enunciated in Fed.R.Civ.P. 72(a), the Fifth Circuit has not reached the issue of

---

[1] "Attorneys representing social security claimants can often win fees in two ways. The first type of fee in contingency agreement cases comes out of the claimant's past-due benefits. Congress allows both the Commissioner and the courts to award these fees, but treats "the [two] review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).

post-trial motions for attorney fees and costs.  *See Stonehenge/FASA-Texas JDC v. Miller*, 1998 WL 699366, 1 (5th Cir.,1998)(the wording of Rule 72(a), with its reference pretrial matters, only applies to pretrial nondispositive motions under § 636(b)(1)(A)).

The Commissioner previously found that claimant's attorney's fees were reasonable and paid claimant's counsel $6,000.00 from the $21,764.25 in attorney's fees it withheld from claimant's award.  The motion at issue was filed by counsel for the Court's approval of the balance of claimant's award the Administration withheld for attorney's fees, $15,764.75.  The Administration does not object to the reasonableness of counsel's bill for 41.0 hours or to the reasonableness of the remaining $15,764.75 fee, rather it contends that the § 406(b) Motion for Attorney's fees may be untimely.  Counsel argues that contrary to the facts in *Pierce,* no local rule placing a time limit on filing a motion for attorney's fees exists in the Western District of Louisiana.  Counsel further argues that § 406(b) calls for the Court to review the request for attorney's fees in order to make an independent check to determine whether or not the attorney fee paid to the claimant's attorney would be a "windfall."  As none of the parties claim that the payment of the remaining fees constitutes a "windfall," counsel asserts that withholding the fee he earned for successfully representing the claimant for more than 5 years would injustly penalize him.  *R. 15.*

"Although section 406(b) does not contain a specific time period for the filing of a request for attorneys' fees, the Fifth Circuit has suggested that Federal Rule of Civil Procedure 54(d)(2), which requires that requests for attorneys' fees be filed fourteen (14) days after entry of judgment, applies to requests made under § 406(b). *See Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir.2006).  However, the court there explicitly acknowledged that it is

within the Court's discretion to expand this time limit. *Id.* " *Wilcox v. Astrue*, 2010 WL 3075264, 1 (S.D.Tex.,2010) (J. Ellison). In *Pierce*, the district court denied plaintiff's initial application for attorney's fees under § 406(b) as "premature" because plaintiff had not been found disabled or awarded past-due benefits. Upon plaintiff refiling the application for attorney's fees, the district court ruled that the § 406(b) application was untimely because it was filed more than one year after the ALJ's decision. On appeal, the Fifth Circuit noted that the local rules for the Western District of Texas, which governed the case, provide that claims for attorney's fees must be filed no later that 14 days after entry of judgment, the same filing period as Rule 54(b). *Id.* Acknowledging that it is within the district court's discretion under Rule 54(d) to expand the fourteen-day period, the court found that because the district court gave plaintiff no time limitation to file its application for attorney's fees after the ALJ's award, the court had used its discretion to expand the limit under Rule 54(d), and therefore, the application was not untimely. *Id., see* Fed.R.Civ.P. 54(d)(2)(B) (providing for a fourteen-day period for filing for attorney's fees "[u]nless otherwise provided by statute or order of the court").

Here, unlike *Pierce*, the Western District of Louisiana has no local rule which places a time limit on the filing of a motion for attorney's fees. "Moreover, courts routinely entertain § 406(b) requests filed after the 14-day deadline in recognition of the fact that further administrative proceedings are often required after a district court's entry of judgment [just as in this case], rendering observance of this deadline frequently impractical." *Wilcox,* 2010

WL 3075264 at 1.  Thus, considering the foregoing as well as the dearth of jurisprudence related to this issue, the Court will exercise its discretion in finding that the timing of the motion for attorney's fees at bar is not unreasonable and causes no prejudice or harm to the Administration or the claimant.  Also, as the Court finds that denying counsel his reasonable fees would render an unconscionable result, the Court further relies on its broad equitable powers in finding that counsel's attorney's fee award is not untimely.  *Karim v. Finch Shipping Co., Ltd.*, 233 F.Supp.2d 807, 810 (E.D.La.2002), aff'd, 374 F.3d 302 (5th Cir.2004) (J. Fallon) ("Among the broad equitable powers of a federal court is its supervisory capacity over an attorney's contingent fee contracts.").  Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Ruling of July 15, 2010 denying the Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b), *R. 14*, is **VACATED** and the Motion For An Award Of Attorney Fees Under 42 U.S.C. § 406(b) [Rec. Doc. 10] and Objections to the Magistrate Judge's Ruling [Doc. No. 15] are **GRANTED**.  The Social Security Administration shall release the remainder of the withheld attorney's fees in the amount of $15,764.75 directly to the claimant, Dean A. Daigle.

Thus done and signed this 30th day of August, 2010 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE